IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID KILEY, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 3:18-cv-01077-VLB |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| THE SHERWIN-WILLIAMS COMPANY ) | |
| A/K/A SHERWIN-WILLIAMS, INC. ) | |
| and SHERWIN-WILLIAMS PAINT STORE ) | |
| DANBURY #5469 ) | |
| ) | |
| Defendants. ) | |

**JOINT REPORT OF THE PARTIES PURSUANT TO RULE 26(f)**

**Date Complaint Filed:** June 1, 2018 (Removed June 26, 2018)

**Date of Defendant's Appearance:** June 26, 2018

Pursuant to Rule 16(b) and Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16, a conference was held on various days by telephone and e-mail correspondence. The immediate participants were Patrick Walsh for Plaintiff David Kiley and Keith Rudzik for Defendant The Sherwin-Williams Company.

I. **Certification**

The undersigned counsel certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **Jurisdiction**

A.   **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1). First, there is complete diversity between the opposing parties. Plaintiff was a citizen of the State of Connecticut both at the time the lawsuit was filed in state court and when the Notice of Removal was filed with this Court. Defendant is a corporation organized under the laws of the State of Ohio with a principal place of business in Cleveland, Ohio. Defendant was a citizen of the State of Ohio both at the time the lawsuit was filed in state court and when the Notice of Removal was filed with this Court. Also, Defendant "Sherwin-Williams Paint Store Danbury #5469" is a fictitious name and not a legal entity. Second, the amount in controversy exceeds $75,000 based on the alleged injuries and damages set forth in Plaintiff's Complaint.

Accordingly, this Court has subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. Section 1332(a)(1).

Plaintiff does not contest that this Court has subject matter jurisdiction.

B.   **Personal Jurisdiction**

Defendant does not contest personal jurisdiction.

III.   **Brief Description of Case**

A.   **Plaintiff's Claims**

On June 1, 2018, Plaintiff filed a personal injury lawsuit against Defendant in the Superior Court of Danbury, Connecticut. Plaintiff alleges injuries from a slip and fall incident in the parking lot at a commercial premises located at 2 Federal Road, Brookfield, Connecticut. Plaintiff alleges injuries to his right knee,

left hand, and fingers.  Plaintiff has incurred expenses for medical, operative, and therapeutic treatment and may incur additional expenses for future similar treatment.  Also, Plaintiff alleges lost wages, emotional distress, psychologic trauma, loss of sleep, and loss of enjoyment of life's activities.  Plaintiff seeks monetary relief.

    B.        Defendant's Defenses and Claims

Defendant asserts that the subject commercial premises was maintained and kept in a reasonably safe condition and without any defects. As such, Plaintiff cannot show that Sherwin-Williams is liable for his claimed injuries.

Alternatively, Defendant asserts that any alleged defective or unsafe condition was open and obvious, barring Plaintiff's claim in whole.  Similarly, Defendant asserts that Plaintiff's claims are barred in whole because he was fifty-one percent or more at fault pursuant to Section 52-572(h) of the Connecticut General Statutes.   Furthermore, Plaintiff's alleged injuries were caused by preexisting injuries or medical conditions and Plaintiff failed to mitigate his damages.  Last, Plaintiff's alleged injuries were partially caused by his own acts or omission and, therefore, fault should be proportional as allocated by the trier of fact.

IV.    Statement of Undisputed Facts

The undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are undisputed. The following material facts are undisputed:

    1.    Plaintiff is an individual residing in the State of Connecticut.

2. **Defendant is a corporation organized under the laws of the State of Ohio with a principal place of business in Cleveland, Ohio.**

3. **Defendant owns the commercial premises located at 2 Federal Road, Brookfield, Connecticut.**

4. **On June 6, 2016, Plaintiff purchased paint supplies at the Sherwin-Williams Paint Store located at 2 Federal Road, Brookfield, Connecticut.**

5. **Before the subject incident on June 6, 2016, Plaintiff had been a customer and purchased paint supplies at the Sherwin-Williams Paint Store.**

**V.   Case Management Plan**

   **A.   Initial Disclosures**

   **Initial disclosures will be served by September 7, 2018.**

   **B.   Scheduling Conference**

   **1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.**

   **2. The parties prefer that a scheduling conference, if held, be conducted by telephone.**

   **C.   Early Settlement Conference**

   **1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  The parties will engage in settlement negotiations in the future.**

   **2. The parties do not request an early settlement conference.**

   **3. The parties prefer a settlement conference, when such a conference is**

held, with the presiding judge or magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to Local Rule 16.

D.   Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings:

1. Plaintiff should be allowed until November 15, 2018, to file motions to join additional parties and until November 30, 2018, to amend the pleadings. Motions filed after these dates will require, in addition to any other requirements under applicable rules, a showing of good cause for the delay.

2. Defendant should be allowed until December 15, 2018, to file motions to join additional parties and until December 31, 2018, to amend the pleadings. Motions filed after these dates will require, in addition to any other requirements under applicable rules, a showing of good cause for the delay.

E.   Discovery

1. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

2. The parties anticipate that discovery will be needed on the following subjects:

   a.   The factual basis for the allegations in the Complaint.

b. The factual basis for the allegations in Defendant's Affirmative Defenses.

c. The circumstances surrounding the alleged slip and fall.

d. The condition of the subject commercial premises.

e. The nature and extent of injuries allegedly sustained by Plaintiff.

f. The nature, extent, and reasonableness of medical, operative, and therapeutic treatment received by Plaintiff.

g. The nature and extent of lost wages, emotional distress, psychologic trauma, loss of sleep, and loss of enjoyment of life by Plaintiff.

h. The nature, extent, and reasonableness of the injuries and damages allegedly sustained by Plaintiff.

The parties reserve the right to conduct discovery based upon any additional facts discovered during the course of litigation. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the above subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

3. All discovery, including depositions of expert witnesses pursuant to Rule 26(b)(4) of the Federal Rules of Civil Procedure, will commence immediately, and will be completed by September 15, 2019.

4. Discovery will not be conducted in formal phases.

5. The parties anticipate that the Plaintiff will require a total of 1-4 depositions of fact witnesses and that the defendant will require a total of 1-4

depositions of fact witnesses. The fact witness depositions will commerce as soon as possible and be completed by the September 15, 2019 discovery deadline.

6. The parties do not anticipate requesting leave to serve more than 25 interrogatories.

7. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure by April 15, 2019. Depositions of any such experts will be completed by June 30, 2019.

8. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure by June 30, 2019. Depositions of any such experts will be completed by August 31, 2019.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 15, 2019.

10. The undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties will take appropriate steps to preserve all relevant electronic information and will notify third parties to preserve all

relevant electronic information. The parties do not anticipate significant discovery of electronically stored information in this case and have therefore deferred discussion of details regarding the form, management and other details of production and associated costs. Issues not addressed by this paragraph will be addressed as the case progresses.

11. The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: The parties agree to utilize Local Rule 26's privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute. As soon as practicable after a claim of privilege arises or is identified after inadvertent production of any information or documents, the party claiming such privilege or protection shall notify the opposing party in writing, including identification of the claimed document(s) by bates stamp number, if any; the basis for such claim of privilege or protection; and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection.

Upon receipt of written notice of the alleged inadvertent disclosure, the receiving party, without prejudice to contesting the applicability of any claim of privilege or attorney work product, shall immediately return all copies (electronic and paper) of such information or documents to the producing party or otherwise certify as to its destruction, and the receiving party shall not use such

information or documents for any purpose. If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material. If the parties are not in agreement with respect to the claim of privilege or protection and they agree that the dispute is substantive, the party asserting the existence of such privilege or protection shall file a motion for protective order with the Court.

 **F.**  **Dispositive Motions**

All dispositive motions will be filed on or before October 31, 2019.

 **G.**  **Joint Trial Memorandum**

The joint trial memorandum will be filed within 60 days of the Court's ruling on any dispositive motion, or, if no such motions are filed, within 60 days of the close of discovery.

**VI.** **Trial Readiness**

The case will be ready for trial within 60 days after the filing of the joint trial memorandum.

**VII.** **Explanation of Delay in Filing Report**

The parties sincerely apologize for not complying with the deadlines to confer and submit a joint report pursuant to Local Rule 26(f)(1). The deadlines were missed due to the inadvertent mistake shared by Plaintiff and Defendant. The parties represent to the Court that it will not happen again. Since this was an inadvertent joint mistake, the parties respectfully submit that sanctions are not appropriate and respectfully request that this Court not impose sanctions against Plaintiff and/or Defendant.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

DATED this 28th day of August, 2018.

THE DEFENDANT,
THE SHERWIN-WILLIAMS COMPANY


BY    */s/ Keith R. Rudzik*

Keith R. Rudzik, Esq.
Fed. Bar. #: ct24007
Howard, Kohn, Sprague & FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut  06126-1798
Phone:      (860) 525-3101
Fax:        (860) 247-5201
E-mail:     krr@hksflaw.com


THE PLAINTIFF,
DAVID KILEY


BY   */s/ Patrick J. Walsh*

Patrick J. Walsh, Esq.
Fed. Bar. #: ct 19780
Hastings Cohan & Walsh, LLP
440 Main Street
Ridgefield, Connecticut 06877
Phone:      (203) 438-7450
Fax:        (203) 438-0263
E-mail:     pwalsh@hcwlaw.com